# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Theddius Stansberry | ) | |
| Plaintiff, | ) ) ) | 17 C 8348 |
| vs. | ) ) ) | Honorable Judge Thomas M. Durkin |
| Officer Ealy, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Now come Defendant, Officer Ealy, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Bianca B. Brown, and answers Plaintiff's Complaint as follows:

## STATEMENT OF CLAIM

1. On October 6, 2017 at approximately 4:30am to 5:00am, Plaintiff and Ital Kimbel were sleep in their assigned cell Division 6 Tier 1L cell #3.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.**

2. The Plaintiff heard a voice call his name and Plaintiff never once responded to the other individual.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.**

3. Plaintiff recognized the person James Johnson who was touching on Plaintiff's body inappropriately, while Plaintiff kept his eyes closed.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.**

4. Plaintiff was touched by James Johnson after he spotted him in the cell without permission.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.**

5. James Johnson placed his penis on Plaintiff's face.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.**

6. Defendant is held accountable for letting James Johnson in Plaintiff cell unannounced.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.**

7. Defendant did not do an 11:00 p.m. count and check to see if all doors were secured.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complain.**

8. James Johnson was out "alone/house alone", which means at all times a close eye is supposed to be watched on him.

2

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.**

9. James Johnson can't go by anyone's cell because he is on the top deck in cell #12 where defendant is in cell #3 on the bottom when rules state all inmates must stay in dayroom at all times.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.**

10. Officer Ealy knew James Johnson was in the wrong cell and did not give Plaintiff an "IDR".

**ANSWER:** **Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.**

11. When Plaintiff asked for help and asked to press charges Officer Ealy told him he couldn't press charges and "keep his mouth shut" or "he would let James Johnson in his cell again".

**ANSWER:** **Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complain.**

12. Officer Ealy was fairly aware that the accuser James Johnson was in cell #3 on Div. 6 1L because when Officer Ealy entered the tier he came directly to Plaintiff cell and asked the accuser James Johnson was he done and escorted him out the cell.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.**

13. CCDOC has a zero tolerance policy for sexual acts.

ANSWER: Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. CCDOC policy states you will not be in an area you are not supposed to be in.

ANSWER: Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Page 15 of the Rule Book states that being sexually inappropriate, physical touching is completely unacceptable.

**ANSWER: Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.**

16. After the incident inmate James Johnson was still left in Protective Custody, which is only for detainees that don't follow all the rules.

**ANSWER: Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.**

17. Plaintiff and James Johnson were both moved to Div. 10 because I got Officer Ealy in trouble that he was paid to come in my cell that's why Officer Ealy said Plaintiff couldn't press charges.

**ANSWER: Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.**

18. Division 6 Sgt. and Lt. states all detainees must stay in dayroom at all times no bottom or top deck visiting.

**ANSWER: Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.**

19. According to CCDOC policy that all detainees are allowed to press charge if they fill harm or sexually abused by another inmate. For Officer Ealy to deny Plaintiff of that is a violation because he didn't want to get in trouble for letting Johnson in the cell.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.**

## RELIEF

The plaintiff wants Officer Ealy held responsible for inmate James Johnson being in the wrong cell that he wasn't assigned to. I'm asking the court to look over the complaint and hopefully enough evidence for my claim to win.

**ANSWER: Defendant denies that he is responsible for James Johnson being in the wrong cell and that Plaintiff is entitled to judgment against Defendant and denies that Plaintiff is entitled to damages or any relief thereof.**

## AFFIRMATIVE DEFENSES

Defendant, Thomas Dart, through his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorney, Bianca B. Brown, sets forth the following affirmative defenses:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v.*

*Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent the Defendant is named in his official capacity, Defendant is immune from having to pay punitive damages to Plaintiff.

3. To the extent Plaintiff is making any claims under Illinois law, Defendant is immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

4. To the extent Plaintiff is making any claims under Illinois law, Defendant is immune under 745 ILCS 10/4-103 of the Illinois Tort Immunity Act, which confers on public employees immunity from liability "for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4-103.

5. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

6. Defendant reserves the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendant, Officer Ealy, denies that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendant prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of

his Complaint and further request that this Honorable Court grant judgment of the Defendant's fees, costs and such other relief that this Court deems just and appropriate.

                          Respectfully Submitted,

                          KIMBERLY M. FOXX
                          State's Attorney of Cook County

By:   */s/ Bianca B. Brown*
        Bianca B. Brown
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-6638